A. R. JOHNSON v. ELISHA MCDANIEL.

(No. 1054, Op. Book No. 2, p. 228.)

ERROR from Burnet County.   Opinion by WATTS, J.

§ **1012.** *Indorser; reputed insolvency of makers insufficient cause for not suing in time.* The reputed insolvency of the makers of a negotiable instrument is not good cause for failing to institute suit against the indorser before the first term of the court after the right of action has accrued, within the meaning of the statute. [R. S. 262.]

§ **1013.** *Same; insolvency; notorious and actual, difference between; question of fact for jury; evidence.* The statute provides, however, that where the makers are "notoriously insolvent," suit can be brought against the

indorser without suing the makers; and it is well settled that if the makers are " notoriously insolvent " the indorser is primarily liable, and may be sued at any time before the cause of action is barred. But there is a distinction between actual and notorious insolvency. There is a difference in the meaning of the terms, the latter being the stronger term. A man may be *actually* insolvent, and yet not be *notoriously* so; the latter, however, cannot exist without the concurrence of the former. To constitute notorious insolvency the actual insolvency must exist to that extent that it manifests itself to the public. The question of insolvency is one of fact to be submitted to the jury, and in this case it was held to be error to reject the testimony of one of the makers of the note, which tended to prove that he was solvent at the date of the maturity of the note.

March 3, 1881.            Reversed and remanded.